**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Anne Seay-Jones, Respondent,

v.

The Estate of Williard Merlin Jones, Appellant.

Appellate Case No. 2015-001404

Appeal From Charleston County
Judy L. McMahon, Family Court Judge
Paul Warren Garfinkel, Family Court Judge
Roger E. Henderson, Family Court Judge

Unpublished Opinion No. 2018-UP-012
Heard November 8, 2017 – Filed January 10, 2018

**AFFIRMED**

John D. Elliott, of Law Offices of John D. Elliott P.A., of Columbia, for Appellant.

Lindsay Foreback McGee and Justin M. McGee, both of McGee Law Firm, LLC, of Charleston, for Respondent.

**PER CURIAM:** The estate of Williard Merlin Jones (The Estate) appeals the order of the family court, which found, among other things, that a parking lot was transmuted into marital property. The Estate also appeals apportionment of the

marital estate and debts, venue, the rulings concerning the appointment of a sequestrator, and the inclusion in the marital estate of $6,000 found in a safe deposit box. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to transmutation of the parking lot: *Johnson v. Johnson*, 296 S.C. 289, 295, 372 S.E.2d 107, 110 (Ct. App. 1988) (stating nonmarital property may be transmuted into marital property: "(1) if it becomes so commingled with marital property as to be untraceable; (2) if it is titled jointly; or (3) if it is utilized by the parties in support of the marriage or in some manner so as to evidence an intent by the parties to make it marital property"); *Simpson v. Simpson*, 377 S.C. 527, 538, 660 S.E.2d 278, 284 (Ct. App. 2008) (stating the issue of transmutation is a matter of intent to be determined from the facts of each case); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (stating that while the appellate court has the authority to find facts in accordance with its own view of the preponderance of the evidence, "we recognize the superior position of the family court judge in making credibility determinations" and noting de novo review does not relieve an appellant "of his burden to demonstrate error in the family court's findings of fact"); *Dixon v. Dixon*, 362 S.C. 388, 398-99, 608 S.E.2d 849, 854 (2005) (stating in order to void a deed for undue influence "the influence must be the kind of mental coercion which destroys the free agency of the creator and constrains him to do things which are against his free will, and that he would not have done if he had been left to his own judgment and volition." (quoting *Russell v. Wachovia Bank, N.A.*, 353 S.C. 208, 217, 578 S.E.2d 329, 333 (2003))); *id.* at 399, 608 S.E.2d at 854 (stating a showing of general influence is insufficient to void a deed and a contestant must show that the undue influence was brought directly to bear upon the conveyance); *King v. Am. Gen. Fin., Inc.*, 386 S.C. 82, 92 n.4, 687 S.E.2d 321, 326 n.4 (2009) ("[A]s to the two parties involved in making an instrument, recording is not necessary for the instrument to be valid." (citing *Epps v. McCallum Realty Co.*, 139 S.C. 481, 497, 138 S.E. 297, 302 (1927))).

2. As to apportionment of the marital estate: S.C. Code Ann. § 20-3-620 (2014) (providing fifteen factors for the family court to consider in apportioning marital property and allowing the family court to give weight to each of these factors as it deems appropriate); *Wilburn v. Wilburn*, 403 S.C. 372, 390, 743 S.E.2d 734, 744 (2013) (stating the family court's apportionment will not be overturned on appeal absent an abuse of discretion); *Doe v. Doe*, 370 S.C. 206, 214, 634 S.E.2d 51, 56 (Ct. App. 2006) ("While there is certainly no recognized presumption in favor of a fifty-fifty division, we approve equal division as an appropriate starting point for a family court judge attempting to divide an estate of a long-term marriage.").

3.  As to debts Husband allegedly paid: *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[W]e recognize the superior position of the family court judge in making credibility determinations."); *id.* (stating de novo review does not relieve an appellant "of his burden to demonstrate error in the family court's findings of fact.").[1]

4.  As to the funds in the safe deposit box: *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 ("[W]e recognize the superior position of the family court judge in making credibility determinations."); *id.* (stating de novo review does not relieve an appellant "of his burden to demonstrate error in the family court's findings of fact.").

5.  As to the appointment of the sequestrator: S.C. Code Ann. § 20-3-650 (2014) ("[W]here a party refuses to comply with an order of the court, the court may, upon appropriate petition, order the sequestration of that party's real and personal property which is within this State.  The court may also appoint a sequestrator and, by injunction or otherwise, authorize the sequestrator to take the property into possession and control.").

6.  As to the award of attorney's fees to Wife: *Lewis v. Lewis*, 400 S.C. 354, 372, 734 S.E.2d 322, 331 (Ct. App. 2012) ("The decision to award attorney's fees is within the family court's sound discretion, and although appellate review of such an award is de novo, the appellant still has the burden of showing error in the family court's findings of fact.").

**AFFIRMED.[2]**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] At oral argument, the Estate conceded the expenses for Husband's post-separation hospice care and burial were not marital debts.

[2] At oral argument, the Estate conceded its venue argument lacked merit.